30793

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NATIONAL CONTINENTAL INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: 17 cv 2703 |
| AS CORP., INC., WALTER CARTER, ) | |
| JAMES WOODS, and RISINGER BROS. ) | JURY TRIAL DEMANDED |
| TRANSFER, INC., ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR LEAVE TO ISSUE SUBPOENA TO PRODUCE DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS

Plaintiff, NATIONAL CONTINENTAL INSURANCE CO. ("NCIC"), by its attorneys, The Hunt Law Group, LLC, for its Motion for Leave to Issue Subpoenas to Querrey & Harrow Ltd. and Bollinger Connolly Krause LLC to Produce Documents, Electronically Stored Information, or Tangible Things, states as follows:

1. NCIC filed its First Amended Complaint for Declaratory Judgment on July 20, 2017 in this Court, in connection to the underlying suit, <u>James Woods v. AS Corp, Inc., Walter Carter, and Risinger Bros. Transfer, Inc.</u>, No: 17 L 000789.

2. NCIC seeks declaration that: (1) there is no liability coverage, other coverage, or surety afforded to AS Corp, Inc. ("ASC"), Walter Carter, and Risinger Bros. Transfer, Inc. ("Risinger") under the subject policy for the lawsuit brought by James Woods; and (2) NCIC has no duty to defend, indemnify, or provide surety for ASC, Risinger, and Carter as to the lawsuit brought by James Woods, or as to any other claim or action based on the accident of November 10, 2015.

3. The Amended Complaint at Law in the underlying suit was filed by James Woods against ASC, Walter Carter, and Risinger in the Circuit Court of Cook County, Illinois on May 10, 2017. (See Amended Complaint at Law, attached hereto as **Exhibit A**.)

4. The underlying complaint alleges that on November 10, 2015, the plaintiff sustained injuries in a motor vehicle collision that occurred on the Sam Rayburn Tollway in the City of McKinney, County of Collin, and State of Texas. The plaintiff alleges that he was a passenger in a vehicle owned by ASC and operated by ASC's employee, Walter Carter. The complaint alleges that, as a result of Carter's negligence, the subject vehicle collided with highway maintenance vehicles and a fixed concrete barrier, causing the plaintiff to be thrown about the interior of the vehicle and sustained injuries.

5. In the underlying action, ASC and Walter Carter are represented by Querrey & Harrow, Ltd. and Risinger is represented by Bollinger Connolly Krause LLC. (See Cook County Docket Search, attached hereto as **Exhibit B**.)

6. Before this Court, the following briefs have been filed:

   a. On November 2, 2017, ASC filed a Motion to Dismiss or in the Alternative Stay Proceedings with this Court. (See **Exhibit C**.)

   b. On December 6, 2017 we filed our Response to ASC's motion. (See **Exhibit D**.)

   c. On December 7, 2017, Risinger and Technology[1] jointly filed a Partial Objection to ASC's Motion to Dismiss and Alternative Motion to Stay Proceedings. While purporting to object to ASC's Motion, Risinger and Technology actually join it and argue in favor of the stay. (See **Exhibit E**.)

---

[1] Technology Insurance Company's motion to intervene was granted on November 9, 2017 to be a party to this action. (See **Exhibit E**.)

    d. On December 28, 2017, ASC filed its Reply in favor of its motion. (See **Exhibit F.**)

    e. On January 9, 2018, upon leave of court, we filed our response to Risinger and Technology's brief. (See **Exhibit G**.)

7. Accordingly, this Court has been fully briefed with regard to ASC's Motion to Dismiss or in the Alternative Stay. No ruling has yet been made. The status hearing that had been set for January 30, 2018 had been reset to April 17, 2018.

8. Under the current circumstances, we ask this Court's permission for NCIC to issue a subpoena to the defense attorneys to obtain any and all materials that have been produced by any party during the course of discovery in the underlying case, <u>James Woods v. AS Corp, Inc., Walter Carter, and Risinger Bros. Transfer, Inc.</u>, No: 17 L 000789. Obtaining these materials would allow NCIC to actively engage in limited discovery, which has already been completed in the underlying action, as we await this Court's decision.

9. In the past, we have made an informal request to a counsel with Querrey & Harrow Ltd. to produce the said materials but preferred that we issue a formal subpoena.

WHEREFORE, NCIC respectfully requests that this Court grant NCIC's Motion for Leave to Issue Subpoena to Produce Documents, Electronically Stored Information, or Tangible Things to Querrey & Harrow, Ltd. and Bollinger Connolly Krause LLC, and any other such relief that this Honorable Court deems just and appropriate.

                                            Respectfully submitted,
                                            THE HUNT LAW GROUP, LLC

                            By:    /s/ Yong S. Lee
                                   Yong S. Lee

Brian J. Hunt (6208397)
Yong S. Lee (6327219)
THE HUNT LAW GROUP, LLC
Attorney for Plaintiff
10 South LaSalle Street, Suite 1450
Chicago, Illinois 60603
312-384-2300 (phone)
312-443-9391(fax)
bhunt@hunt-lawgroup.com
ylee@hunt-lawgroup.com