IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL CONTINENTAL INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> AS CORP., WALTER CARTER, JAMES WOODS, and RISINGER BROS. TRANSFER, INC., <br><br> Defendants. <br><br> v. <br><br> TECHNOLOGY INSURANCE COMPANY, <br><br> Intervenor Plaintiff, <br><br> v. <br><br> NATIONAL CONTINENTAL INSURANCE CO., <br><br> Intervenor Defendant. | Case No.: 1:17-cv-02703 <br><br> Honorable John Z. Lee |

**JOINT MOTION TO ENFORCE EXECUTION OF SETTLEMENT RELEASE**

Plaintiff, NATIONAL CONTINENTAL INSURANCE CO., and Defendants, JAMES WOODS, RISINGER BROS. TRANSFER, INC., and Intervenor Plaintiff, TECHNOLOGY INSURANCE COMPANY, by their respective attorneys, and for their Joint Motion to Dismiss and Enforce Execution of Settlement Release, pursuant to Federal Rule of Civil Procedure 41(a)(2), states as follows:

1. The subject action is a declaratory judgment action in which Plaintiff National Continental Insurance Co. ("NCIC") seeks a declaration with respect to whether it owes a duty to defend and indemnify Walter Carter ("Carter"), AS Corp. Inc. ("ASC"), or Risinger Bros. Transfer, Inc. (Risinger), under an

1

insurance policy issued to ASC in a negligence/vicarious liability case asserted by James Woods in the Circuit Court of Cook Count, State of Illinois (the "Underlying Action").

2. While NCIC provided defense to Carter and ASC in the Underlying Action under reservation of rights, NCIC declined to provide defense to Risinger, who was later added to the Underlying Action as a defendant. Hence, Risinger's defense costs were paid by its insurer, Technology Insurance Company, Inc. ("Technology").

3. On July 20, 2017, NCIC filed its First Amended Complaint against ASC, Carter, Woods, and Risinger, seeking a declaration that there is no liability coverage afforded to ASC, Risinger, Carter[1] under the policy issued by NCIC and that NCIC owes no duty to defend or indemnify ASC, Risinger, or Carter. (See Doc. #18.)

4. On October 11, 2017, Risinger filed its Answer and Counterclaim to NCIC's First Amended Complaint, seeking a declaration that NCIC owes a duty to defend Risinger in the Underlying Action. (See Doc. #37.)

5. On October 16, 2017, Woods filed its Answer to NCIC's First Amended Complaint, generally denying the NCIC's allegations. (See Doc. #38.)

6. On November 10, 2017, Technology filed an Intervenor Complaint against NCIC, seeking a declaration that NCIC owes Risinger a duty to defend in the Underlying Action and that Technology is entitled to equitable reimbursement, or in the alternative, equitable contribution, from NCIC. (See Doc. #59.)

7. On August 1, 2018, ASC filed its Answer and Counterclaim to NCIC's First Amended Complaint, seeking a declaration that NCIC owes a duty to defend and indemnify ASC in the Underlying Action (See Doc. 86.)

8. In brief, with the exception of Technology - - which sought equitable reimbursement from NCIC for Risinger's defense costs incurred - - all defendants in this instant action had generally denied

---

[1] Carter has not appeared in this instant action.

2

NCIC's allegations in the complaint or filed counterclaims seeking the opposite declaratory relief than that of NCIC, or both.

9. On or about May 24, 2019, the parties in the Underlying Action has reached a settlement agreement in the amount of $125,000. Per this agreement, NCIC was to pay Woods $125,000 to dismiss the Underlying Action. The Underlying Action has since been dismissed. (See Dismissal Order in the Underlying Tort Action, attached hereto as **Exhibit A**.)

10. On June 5, 2019, NCIC agreed to pay Technology $35,000 - - which represents the reimbursement of Risinger's defense costs incurred in the Underlying Action - - to settle the instant action. (See Correspondence of June 5, 2019, attached hereto as **Exhibit B**.)

11. As of June 5, 2019 - - in light of the reimbursement that NCIC agreed to pay Technology - - all parties in this instant action agreed to dismiss all claims made in this instant action. (See Correspondence of June 5, 2010, attached hereto as **Exhibit C**.) Particularly, ASC, represented by Mr. Shah, was the last party to agree to dismiss this instant action, after several attempts to reach Mr. Shah by telephone. (See **Exhibit C**.)

12. Also, on the same day, a combined release - - which encompasses all parties in both the Underlying Action and the instant action - - has been circulated to all parties. (See Combined Release, attached hereto as **Exhibit D**.)

13. However, despite his agreement to dismiss the instant action - - as well as parties' numerous correspondence insisting Mr. Shah to have ASC execute the combined release - - Mr. Shah has inexplicably refused to execute the release by stating that he needs more time to review the release.

14. All remaining parties in both the Underlying Action and the instant action have promptly executed the combined release.

15. A district court has "the inherent or equitable power summarily to enforce an agreement to settle a case pending before it." *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995).

16. Because the Underlying Action has settled - - and as NCIC has provided defense to ASC in the Underlying Action under a reservation of rights - - the issue of whether NCIC has a duty to defend or indemnify ASC is moot and ASC's counterclaim cannot remain pending for independent adjudication.

17. Hence, the Plaintiff, NCIC, Defendants, Woods, Risinger, and Intervenor Plaintiff, Technology jointly move for this Court to enter an order, enforcing ASC to execute the combined release.

WHEREFORE, Plaintiff, NATIONAL CONTINENTAL INSURANCE CO., and Defendants, JAMES WOODS, RISINGER BROS. TRANSFER, INC., and Intervenor Plaintiff, TECHNOLOGY INSURANCE COMPANY, respectfully request this Court to enter an order, enforcing an agreement to settle this instant action by ordering ASC to execute the combined release, and for such other relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

By: _/s/ Yong S. Lee_

Brian J. Hunt (6208397)
Yong S. Lee (6327219)
THE HUNT LAW GROUP, LLC
Attorneys for Plaintiff
10 South LaSalle Street, Suite 1450
Chicago, Illinois 60603
312-384-2300 (phone)
312-443-9391 (fax)
bhunt@hunt-lawgroup.com
ylee@hunt-lawgroup.com